## Staunton.

WHITMER'S HEIRS V. SPITZER AND ALS.

### OCTOBER 8th, 1885.

APPELLATE JURISDICTION—*Decree for money.*—A decree requiring S. to pay $975 to equalize the four other heirs with his wife, he paid the money. Later, an enquiry resulted in a decree that the wife of S. was entitled to an equal share of that sum, and that the four other heirs refund to S. one-fifth thereof.

HELD:

This is a decree for payment of a less sum of money than constitutes the minimum jurisdictional amount, and the appeal must be dismissed.

Appeal from decree of circuit court of Rockingham county, rendered 19th June, 1883, in the cause of Michael Whitmer, administrator of Peter Whitmer, deceased, against Cynthia Whitmer, widow, and M. H. Spitzer and Rebecca, his wife, and others, the heirs at law of Peter Whitmer, deceased.

Opinion states the case.

*Liggett & Liggett,* for the appellants.

*R. Paul & E. A. Shands,* for the appellees.

HINTON, J., delivered the opinion of the court.

It appears by the record in this case that in August, 1870, a suit was instituted in the circuit court of Rockingham county by Michael Whitmer, as administrator of Peter Whitmer,

deceased, to obtain a sale of a particular tract of land to pay the debts of the decedent.

Subsequently, in the same suit, a decree was entered on the 8th day of February, 1875, and after a decree for the sale of the land in the bill mentioned, appointing commissioners to make partition of the remaining lands among the heirs of the said Peter Whitmer. The commissioners made the partition and filed their report of the same, and a decree was rendered on the 5th day of October, 1875, confirming the partition, &c.

By the terms of that decree the appellee, M. H. Spitzer, the husband of Emma Whitmer—the fifth heir—who had received in the partition property of greater value than the other four, was required to pay these four heirs, the appellants here, the sum of $975, which was accordingly done. Later on in the progress of the cause, a doubt having arisen as to whether the decree was in accordance with the report, the cause was referred to a commissioner to take the testimony of the commissioners who made the partition of the lands, and report whether it was the intention of the commissioners that the appellee, M. H. Spitzer, should pay to the other four heirs "the *full sum* of $975, or only *four-fifths of that amount.*"

On the 19th day of June, 1883, the commissioner having previously reported that the fair and proper construction of the said report was that the $975 should be equally divided among the five heirs, including Mrs. M. H. Spitzer, the court entered a decree confirming said report and requiring each of the four heirs, other than Mrs. Spitzer, to pay to M. H. Spitzer the sum of $48.75, with interest thereon from the 1st of September, 1875, until paid.

And from this decree this appeal was, as we think, improvidently allowed. The whole contention here was as to whether the court had not, by its decree of October 5th, 1875, incorrectly interpreted the report of the commissioners who partitioned

the lands in one single particular—namely, in requiring that the sum of $975 should be divided equally among four, instead of all five, of the heirs. The appellee did not contend that he owed less than that amount, but he insisted that his wife was entitled to one-fifth part of that sum, and that as he had paid the whole of it over to the other four heirs, that he was entitled to recover an amount equal to one-fifth of that sum, or $195 with interest, from these heirs; and this is all that the decree complained of holds. It requires each of these four heirs to pay to Spitzer one-fourth of the sum of $195, or $48.75, with proper interest. Now this is purely a decree for money, and nothing else; and whether $48.75, with interest, or $195, with interest, be regarded as the matter in controversy, this court is equally without jurisdiction. This appeal must therefore be dismissed as having been improvidently awarded.

Appeal dismissed.